572 Jackson v. Amazon.com May it please the Court, I am Appellant Silesia Enig-Jackson, appearing pro se. The central issues in this appeal case are whether I sufficiently pleaded a claim for failure to accommodate and desperate treatment to survive a motion to dismiss rule 12b. 6. The other issue is whether the District Court erred by dismissing the complaint with prejudice instead of granting leave to amend. On the first point, my complaint did adequately plead desperate treatment. Under McDonnell Douglas v. Green and Mandel v. County of Suffolk, desperate treatment occurs when an employee from a protected Title VII group is treated less favorably than similarly situated employees. The appellees erroneously argued that since the medically exempt and the religiously exempt were treated the same by Amazon, that that meant that I didn't have a desperate treatment claim. However, that was the wrong comparison. The relevant comparison is between employees with protected religious exemptions and vaccinated employees similarly situated due to the same jobs in the same workplace. Amazon allowed vaccinated employees to work mask-free and test-free while imposing those requirements on employees with religious exemptions. Amazon justified the policy based on the risk of asymptomatic spread, yet vaccinated employees who could be also asymptomatic carriers were not subject to the same requirements as the religiously exempt. This unfavorable treatment qualifies as desperate treatment under McDowell and Mandel. On the second point regarding failure to accommodate, my complaint did in fact allege enough elements to state this claim. Referring to docket 47.1, page 81, this is an exhausted index from my complaint that shows that eight times I informed Amazon that I had a religious conflict with testing, requested a reasonable accommodation, and was denied. Did you ever explain why testing violates your religious exemption? No, but I offered to fill out the form, the religious exemption form, and that is the formal way you would explain that to Amazon. So what I was met with is that we're not accommodating you. So there wasn't even a, yeah, you could at least fill out the form. So I didn't mention it to answer your question. And in an amended complaint, what would you say? You would say what you just told us, I guess. Yes, I would mention my religious belief and the conflict I had with testing. Can I ask you, Ms. Jackson, typically when there's a lawsuit, someone claims what the injury is, and they state what they're hoping to accomplish from the lawsuit. Am I wrong that you return to work within nine days? So I'm trying to understand what you claim the injury is and what you're hoping to, what is the injury that you want to recover? So I relied on the EEOC versus Abercrombie that said the legal claim or legal injury is a failure to accommodate. No, no, I understand that. But you return to work, correct, to Amazon to work. What is it that you're asking Amazon for for those nine days you didn't go to work and their failure to accommodate? What do you want from them? Do you understand what I mean? Yes. So one is a compensation for that time lost. But the second is I asked for Amazon to refine or update or change their policies so that when someone comes with an accommodation claim, you can't just blanket dismiss it. You do have to engage in an interactive process as per Title VII. And then you have to really make a meaningful attempt to try to accommodate that person. Thank you. You're welcome. Can I just ask one more question? Going back to what I was asking before, what is your objection to testing? Objection? I'm just trying to understand how that would raise a free exercise claim. Okay, so it's not a complaint, but I identify it as a starseed. And that means to me being put on Earth as a missionary to affect the trajectory of the future of Earth. So I get spiritual guidance from heavenly beings. And I asked about the testing specifically, and they said not to participate in it because it would derail my mission on Earth. I hope that helps. Thank you. You've reserved a minute for rebuttal. Yes. Good morning, Your Honors. May it please the Court. My name is Haley Friedberg from Littler Mendelsohn on behalf of the Amazon appellees. This Court should affirm the district court's decision to grant Amazon's motion to dismiss. Within the appellant's second amended complaint, she pleads herself out of court by conceding that Amazon repeatedly offered her reasonable accommodations to resolve her objections to Amazon's safety protocols and that those accommodations that Amazon offered removed the conflict between her objections to getting vaccinated and her objections to testing for exposure to COVID-19. Specifically, in response to appellant's objection to Amazon's requirement that all workers vaccinate against the COVID-19 virus, appellant concedes that Amazon offered her the opportunity to work, provided that she wear a mask, maintain social distancing, and test weekly against exposure to the virus. When the appellant refused to take a PCR test, Amazon then continued the negotiations with her and offered or requested that she take a spit test instead to test for exposure to the virus. When the appellant continued to object to that offer, Amazon then offered her the opportunity to search for a job transfer or to search for remote work opportunities, and Amazon also provided the appellant with instructions on how to search for those remote or virtual positions. In addition, Amazon offered appellant time to seek out the remote or virtual positions. Did Amazon allow Ms. Jackson to return to work after nine days without testing, right? So I'm trying to understand what changed about Amazon's policy that she was allowed to return after the refusal. Yes, that's correct, Your Honor. Amazon did allow the appellant to return to work after nine days, and the reason it did so was because of a change in the private sector vaccine mandate, which was revoked right at that time. And the reason was, I'm sorry, the change in... The local private sector employment vaccination mandate was rescinded, and as a result, Amazon's workplace policy is mandating that its employees get vaccinated. The whole process changed. Remind me, I should remember this, but when you say the private sector mandate, you mean by the state of New York or city of New York? The city and state, correct, Your Honor. The city and state just happened coincidentally to fall in that timeframe. It was coincidence, but yes. Okay. And as the appellant pled in the complaint, that resulted in a nine-calendar day absence. That's not even a business or workday absence. As the appellant pled in her second amended complaint, she was a temporary worker, so she could seize her shifts. It's not even clear from the record whether she would have missed in those nine days any actual workdays. So that's certainly something to point out. Getting back to the accommodations, the appellant noted in her argument that one of the things she was looking for as relief and a remedy in this case is to compel Amazon to engage in the indirective process. However, I would respectfully posit that the allegations within the second amended complaint demonstrate almost a clinical class of how any employer should react when an employee is raising a religious issue and seeking a religious accommodation. I think that's right as to the first step. There was the accommodation provided. But then I guess it seemed like there's a second step here where Ms. Jackson said, well, that, the testing requirement, the alternative accommodation also violates my religious beliefs. And there, it sounds like there was not any kind of process. Respectfully, Your Honor, I disagree. And I think the record and the second amended complaint shows, in fact, the opposite. There were e-mail communications cited throughout the complaint. And, again, this took place over the course of about a month and a half. But Amazon is, in fact, responding to the appellant's concerns over and over and over again. Now, it's true they did not align and Amazon did not agree to the preferred accommodation that appellant wanted. But that's not the law. Amazon is not required to concede to the specific request requested by any employee or appellant specifically here. But the communications and the e-mail communications did not cease. Actually, so the follow-up, all the employment-related kind of advice or options were the correspondence you're talking about. Absolutely, Your Honor. Yes, that's absolutely correct. I see my time's up. I'm happy to answer any questions. Otherwise, we stand on our papers and request that this Court affirm the trial court's dismissal. Thank you. Thank you. Ms. Jackson, you're welcome. Appellee argues that I was reasonably accommodated for testing, but those were not reasonable accommodations because under Title VII, the employee has to remove the conflict. Saying you either do vaccine or testing, and I already have an accommodation for vaccine, is not removing the conflict of testing. They also said, oh, you know, you could search for a job in the surrounding. You could either go to another state or search for a job in the surrounding area or get a virtual job, but it would be unassisted. So they evaded their duty to accommodate because they were supposed to set up the accommodation under the law, not tell me to go and find a job myself. I don't believe that the desperate treatment ended when the New York City mandate ended. What I was saying with the masking is we were made to wear those masks after the New York City mandate had passed, all the way up until March 11th, where the appellee argued that the mandate ended 2-27. If there's any questions, I'll take them. Thank you, Ms. Jackson. Thank you. We'll take the case under advisory.